Belknap,
Dec. 6, 1910.

CARTER, *Ap't, v.* EATON, *Ex'r, & a.*

Property bequeathed to religious societies, upon a trust to expend the income thereof for the maintenance of public worship, is not liable to the tax imposed on collateral legacies.

PROBATE APPEAL. Facts found, and case transferred without a ruling from the March term, 1910, of the superior court, by *Chamberlin,* J.

Edwin E. Beede, a resident of Meredith, died at Plymouth on January 13, 1908, leaving a will which was duly admitted to probate, and D. Emery Eaton was appointed executor. The will contained the following:

"I give and bequeath to the North Congregational Church, the Free Baptist Church, known as the South Church, and the First Baptist Church, known as the Brick Church, all of said Meredith, the sum of ten thousand dollars each, in Northern Pacific, Gt. Northern, C. B. & Q. collateral bonds; one half of the annual income thereof to be used by said churches for the support of good music in the same, and the other half to be used to defray the current expenses of said churches. If, however, either of said churches shall fail for the period of one year to maintain public services in the house of worship, then the share of such church shall be divided equally between the two remaining churches, and if any two of said churches shall thus fail for the period of one year to maintain public services in their respective houses of worship, then their share I give to the remaining church; and in case all of said churches thus fail to maintain public services in their respective churches for the period of one year, then their respective bequests I give and bequeath to the residuary legatee named in this will."

The residuary legatee was the testator's sister, who survived him. The North Congregational Church is a religious society of the Congregational denomination, organized and existing for the purpose of maintaining religious worship and teaching according to the forms and beliefs of that denomination. The First Baptist Church and the Free Baptist Church are similar societies of the Baptist and Free Baptist denominations. All the societies have maintained religious worship and teaching by means of public services in their respective houses of worship at Meredith since the death of the testator, and had done so for many years before.

July 20, 1909, the probate court decreed that these legacies were not subject to the inheritance tax provided in chapter 40, Laws 1905, as amended by chapter 68, Laws 1907, and from this decree the plaintiff appealed.

*Edwin G. Eastman,* attorney-general, and *Joseph S. Matthews* (*Mr. Matthews* orally), for the plaintiff.

*George B. French* and *Bertram Blaisdell* (*Mr. French* orally), for the defendants.

BINGHAM, J. The inheritance tax law, as amended in 1907, provides that " all property within the jurisdiction of the state, real or personal, and any interest therein, . . . which shall pass by will . . . to any person, absolutely or in trust, except to or for the use of the father, mother, husband, wife, lineal descendant, brother, sister, adopted child, the lineal descendant of any adopted child, the wife or widow of a son, or the husband of a daughter, of a decedent, or to or for the use of charitable, educational, or religious societies or institutions in this state, when such society or institution is bound by the terms of the will . . . or by the limitation of its powers to devote such property solely to such uses and purposes that the property in its hands will be by law exempt from taxation, . . . shall be subject to a tax of five per cent of its value, for the use of the state." Laws 1907, c. 68, s. 1.

This statute contemplates that gifts may be made of real and personal property or any interest therein, either absolutely or in trust, and provides that in case a gift is made directly to a member of the excepted class (such as the father, mother, brother, sister, etc., of the decedent), or to a trustee for the benefit of such a member, the property shall be exempt from the inheritance tax without regard to the use to be made of the principal fund or its income; and that if the gift is made to a charitable, educational, or religious society or institution in this state, in trust or otherwise, it shall be exempt from the inheritance tax if the society or institution is bound by the terms of the will or by the limitation of its powers to devote the property coming into its hands as absolute owner or as beneficiary to such uses and purposes that it will be by law exempt from the annual tax. If the gift is absolute, it is the use made of the property or fund constituting the gift that determines the exemption. But if it is in trust, it is the use made of the income or beneficial interest that governs; for in such case it is that property or interest alone which comes into the hands of the donee for use. And it can make no difference whether the gift is to a third person in trust for such a society, or to the

society in trust for itself; for in the latter case the society takes the principal fund as trustee and not as donee. Moreover, under the provisions of the will in this case each church holds the principal fund in trust for itself and for the others; and the only person entitled to the direct use of that fund, who can ever expend it, is the sister, to whom in the final event the churches must pay it. Therefore, the question of exemption under this statute is not, as argued by counsel, whether the bonds in the hands of the churches, as trustees, would be relieved from the imposition of the annual tax, but whether the income in their hands as beneficiaries would be.

By section 1, chapter 66, Laws 1895, " all public cemeteries, and all property held in trust for the benefit of public places for the burial of the dead, and so much of the real estate and personal property of charitable associations, corporations, and societies as is devoted exclusively to the uses and purposes of public charity, are . . . exempted from taxation."

The churches in question are religious societies in this state, and are public charitable associations or societies within the meaning of the act of 1895. *Carter* v. *Whitcomb*, 74 N. H. 482, 486, 487, 488. Each is required by the terms of the will to devote so much of the income as it may be entitled to and as shall come into its hands as beneficiary to the maintenance of public worship in its particular institution. The use to be made of it is direct and exclusive; and where such is the case, it has been uniformly held by this court, in construing the same or similar language used in the enactment of analogous laws, that the use made of the property is such as to entitle it to exemption from the annual tax. *Phillips Academy* v. *Exeter*, 58 N. H. 306; *New London* v. *Academy*, 69 N. H. 443; *Y. M. C. A.* v. *Keene*, 70 N. H. 223; *St. Paul's Church* v. *Concord*, ante, 420.

Counsel for the state also take the position that the act of 1895 is unconstitutional, if its language should be interpreted to mean that sectarian institutions like the defendants should have the benefit of its provisions; that the exemption of such an institution from the annual tax is the same as paying to it money raised by taxation, which is forbidden by article 6 of the bill of rights and article 82 of the constitution. But we do not think the constitutionality of the act is in any way involved in the decision of the case. That act is important here only as an aid in ascertaining the meaning of the act of 1907.

*Appeal dismissed.*

All concurred.