Belknap,  }
Feb. 7, 1911. }

CARTER, *Ap't*,   *v.*   STORY, *Ex'r*, & *a.*

A bequest to a religious society, upon a trust to use the income for the benefit of the church, is not subject to the tax imposed upon collateral legacies.

A bequest to a religious and charitable corporation which is authorized to use its funds in other states and countries, but whose affairs are so administered as to be of substantial benefit to the people of New Hampshire, is not subject to the tax imposed upon collateral legacies.

APPEAL, from a decree of the probate court disallowing the plaintiff's claim that certain legacies in the will of Mary M. Dow were subject to the inheritance tax.   Transferred without a ruling from the November term, 1910, of the superior court by *Pike*, J., on an agreed statement of facts.

The will bequeathed $1,000 to the New Hampshire Baptist Convention, and also contained another legacy of the same amount to the same beneficiary, the income of which is to be used for the purposes of the convention.   The Union Avenue Baptist Church of Lakeport was given $3,000, the income of which is to be used for the benefit of the church.

The Baptist Convention is authorized by its charter to receive and hold donations, and to use the same for "the purpose of promoting foreign and domestic missions, and the education of indigent and pious young men for the gospel ministry, and any other religious charities which they may deem proper."   It has always confined its work to this state, and purposes to ask the legislature to amend its charter so as to prevent its use of funds outside the state.

*Edwin G. Eastman*, attorney-general, and *Joseph S. Matthews*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

WALKER, J.   Under the will, the Union Avenue Baptist Church receives for the purposes of the church the income derived from the investment of $3,000.   The church holds the principal fund as a trustee and can only use the income; and since the income can only be used for church purposes, it follows upon the authority of *Carter* v. *Eaton*, 75 N. H. 560, that the legacy is not subject to the inheritance tax.

For the same reason, the legacies to the Baptist Convention are not chargeable with that tax or burden, unless, as claimed by the state, the convention holds the income for the purpose of religious and charitable uses in other jurisdictions as well as in this state. Though its corporate powers are broad enough to authorize the use of its funds in the promotion of religious and charitable objects in other states and countries, the practical administration of its affairs may show as a matter of fact that it devotes the whole or a large part of its funds to local uses; and if it does, a legacy to it unlimited as to the uses that may be made of it, except by its corporate powers, is not subject to the inheritance tax, according to the decision in *Carter* v. *Whitcomb*, 74 N. H. 482, 490, 491. But it is expressly agreed by the parties that the corporation has never used any of its funds for charitable or religious work except in this state, and that it is seeking to have its charter modified so as to limit its work to this state, in accordance with the purpose of its founders and its long established custom. In view of this admission, it seems to be clear that its charity is of substantial benefit to the people of New Hampshire, within the intent of the statute exempting such property from the inheritance tax. *Carter* v. *Whitcomb, supra.* The decree of the probate court must be affirmed.

*Case discharged.*

All concurred.